E. K. Wade (Pro Se)
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com

**Attorney for Plaintiff**



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **E. K. Wade**<br><br>　　　　　　**Plaintiff,**<br><br>**vs.**<br><br>**Elaine Chao, Secretary**<br>**U.S. Department of Labor**<br><br>　　　　　　**Defendant.** | Case No. C 08-0021 JSW<br><br>**ADDENDUM TO NOTICE OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES WITHOUT SUBSTANTIAL CONTROVERSY**<br><br>Date:　May 9, 2008<br>Time:　9:00 A.M.<br>Place:　Courtroom 2, 17th Floor<br>Before:　Honorable Jeffrey S. White |

**TO HONORABLE JUDGE JEFFREY S. WHITE:**

During the course of a hearing before this Court and the Honorable Judge Martin J. Jenkins, dated December 18, 2007 in Wade v. Elaine Chao C 06-4725 MJJ, through stipulations, both parties agreed, and Counsel Andrew Cheng, assured this Court that the discoveries used in that case would be used for purposes of this new case. Therefore, any further requests by Defendant counsel Melissa Brown for additional discovery would be futile and a waste of taxpayers' dollars, for there is nothing else to discover in this case that would constitute a defense for Defendant. Moreover, Plaintiff has presented more than the threshold of evidence

necessary to sustain his case, as chronicled in Associate Justice Clarence Thomas's ruling wherein he stated that "direct evidence of discrimination is not required in order to prove employment discrimination in mixed-motive cases under Title VII, abrogating Mohr v. Dustrol, Inc., 306 F.3d 636, Fernandes v. Costa Bros. Masonry, Inc., 199 F.3d 572, Trotter v. Board of Trustees of Univ. of Ala., 91 F.3d 1449, Fuller v. Phipps, 67 F.3d 1137."

Plaintiff wishes to hold Defendant collaterally esstopped from discriminating against future protected personnel; and this case has an impact upon Plaintiff's former co-workers Richard Gaytan, Francisca Moralez, and Gregory Hunt – who have similar cases before this Court. Plaintiff has suffered enough.

The facts giving rise to these causes of action are undisputed. DOL does not dispute that they either contributed to the egregious conduct or failed to act upon each and every cause of action to the extent that Plaintiff filed numerous complaints and Congressional Inquiries to no avail. For the foregoing reasons, Plaintiff is entitled to summary judgment.

Respectfully submitted.

Dated this 1st day of April 2008

*E.K Wade*

E. K. Wade (Pro Se)
Attorney for Plaintiff
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com